**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JAMES PLATERO,

      Plaintiff,

v.                                          No. CV 10-0712 JH/LFG

UNITED STATES OF AMERICA,
UNITED STATES MARSHAL'S OFFICE NEW MEXICO,

      Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and has filed an application for leave to proceed in forma pauperis ("IFP"). The filing fee for this civil rights complaint is $350.00. Plaintiff is required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information in Plaintiff's filings, the Court will grant Plaintiff leave to proceed IFP and waive the initial partial payment pursuant to § 1915(b)(1). For the reasons below, the Court will dismiss the complaint.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

In a criminal proceeding in this Court, a jury found Plaintiff, who is Native American, guilty of sex crimes against a child in Indian Country. The Court entered judgment against him. *See United States v. Platero*, No. CR 02-1587 LH (D.N.M. Oct. 29, 2003). Plaintiff now alleges in his complaint under 42 U.S.C. § 1983 that he was charged and transported from Indian country to federal custody without benefit of an extradition hearing. He contends that these actions were in violation of the Uniform Extradition Act, an 1868 treaty, and 25 C.F.R. § 11.318, thus depriving him of the constitutional guarantee of due process. The complaint asks for damages and declaratory relief.

As a preliminary matter, Plaintiff's claims of constitutional violations by federal officials must be brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and not as a § 1983 action. "[T]he Supreme Court has held that a *Bivens* remedy may be available against federal prison officials for violations of [constitutional protections]." *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009). Where, as here, a pro se plaintiff invokes § 1983 in his complaint and does not mention *Bivens*, the liberal construction afforded pro se pleadings saves his complaint from dismissal. *See Tripati v. United States Immigration and Naturalization Service*, 784 F.2d 345, 346 n.1 (10th Cir. 1986). Furthermore, even though the complaint improperly names the United States and one of its agencies as Defendants, "in a pro se case when the plaintiff names the wrong defendant in the caption or when the identity of the defendants is unclear from the caption, courts may look to the body of the complaint to determine

2

who the intended and proper defendants are." *Trackwell v. United States Government*, 472 F.3d
1242, 1243-44 (10th Cir. 2007).  The Court construes Plaintiff's complaint as initiating a *Bivens*
action against unidentified Defendants.

The threshold question raised by the complaint is whether the allegation that federal officials,
by arresting, charging, and convicting a Native American under 18 U.S.C. § 1153--without benefit
of an extradition hearing--states a claim for violation of the accused defendant's federal rights.  "The
first inquiry . . . is whether the plaintiff has been deprived of a right 'secured by the Constitution and
laws.' "  *Baker v. McCollan*, 443 U.S. 137, 140 (1979) (§ 1983 action).  The answer is in the
negative, as summarily stated by the Court of Appeals for the Eighth Circuit:

> "[Plaintiff] raises pro se that he was deprived of his equal protection and Sixth
> Amendment rights because the United States government removed him from the
> Reservation without first notifying the tribal government so that extradition could
> take place.  Under the Major Crimes Act (MCA), any Indian who commits one of the
> enumerated offenses "shall be subject to the same laws and penalties as all other
> persons committing any of the above offenses, within the exclusive jurisdiction of
> the United States."  [Plaintiff] (an Indian) committed aggravated sexual abuse (an
> enumerated offense) against the person of another Indian or other person within
> Indian country.  Because his crimes fall within the MCA, the United States has
> exclusive jurisdiction."

*United States v. Jones*, 440 F.3d 927, 929 (8th Cir. 2006) (citations omitted) (rejecting extradition
claim and affirming criminal conviction).  When Plaintiff was charged under § 1153, he was
"subject to the same laws and penalties as all other persons committing any [enumerated] offenses,"
*id.*, and thus was not entitled to an extradition hearing.  His allegations do not state a claim for a
constitutional violation, and the Court will dismiss his complaint.

IT IS THEREFORE ORDERED that Plaintiff's application for leave to proceed in forma
pauperis (Doc. 2) is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff make monthly payments of twenty per cent (20%)

of the preceding month's income credited to his account or show cause why he has no assets and no means by which to pay the designated filing fee;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED with prejudice, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE